366 A.2d 941
COMMONWEALTH of Pennsylvania,
Appellee,
v.
William R. PARKER, Appellant.

Superior Court of Pennsylvania.

Submitted April 20, 1976.

Decided Dec. 15, 1976.

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Robert L. Campbell, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from the revocation of appellant's parole following a *Gagnon II* hearing in the court below. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973). Appellant argues that the hearing was not held "as speedily as possible," and therefore the court violated the mandates of Pa.R.Crim.P. 1409. The facts are as follows:

As a result of a plea of guilty to a robbery charge on February 13, 1974, appellant was sentenced to six to twenty-three months in prison. After serving sixty days of that sentence, appellant was paroled for the balance of his term, which was to expire on January 10, 1976.

In October, 1974, while on parole, appellant was arrested as a result of charges that he was a leader of an auto larceny ring that included children. While awaiting trial on the October offenses, and while still on parole, appellant was again arrested in April, 1975 for similar theft offenses. He was convicted on the charges arising from the October offenses, on April 11, 1975, and sentencing was deferred pending a pre-sentence report. On July 1, 1975, appellant pleaded guilty to the charges arising from the April offenses, and a sentence of 11½ to 23 months was immediately imposed. Thereafter, sentence was suspended on the outstanding October charges.

When appellant's parole officer learned of the April and July convictions, he prepared a report on appellant's status for his supervisor. The report was submitted on August 8, 1975. Principally because of the court's summer vacation, the supervisor, whose duty it was to schedule revocation hearings with the court, was unable to arrange a meeting with the appropriate judge until October 7, 1975. Shortly after that meeting a revocation hearing date was set for November 4, 1975. (The lower court judge, himself, stated that this was the earliest possible date for the hearing.) The hearing was conducted at that time and appellant's parole was revoked.

Appellant now claims that the delay of four months between his guilty plea and sentence on July 1, 1975, and the parole revocation hearing on November 4, 1975, violated the rules of criminal procedure. *A fortiori*, appellant argues, the delay of approximately eight months between the time he was arrested on the April offenses, and when his parole was revoked therefor in November, was impermissible.

Pa.R.Crim.P. 1409 provides as follows:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." [Emphasis added.]

First, we have held that so long as a parolee has received a probable cause (i. e., *Gagnon I*) hearing, it is permissible to postpone the *Gagnon II* hearing pending the trial of the charges upon which the parole revocation is based. *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). We have also held that a preliminary hearing resulting in a parolee's being held for court complies with the requirements of a *Gagnon I* hearing. *Id.* See also *Commonwealth v. Spinozzi*, 236 Pa.Super. 32,

345 A.2d 181 (1975); *Commonwealth v. Ball*, 235 Pa.Super. 581, 344 A.2d 675 (1975). Hence, for the purposes of Rule 1409, the delay preceding appellant's sentencing in July, 1975 due to the pendency of the criminal charges may properly be discounted.

Thus, the only question remaining is whether the four month delay between the July guilty plea and the November revocation hearing was excessive. In *Commonwealth v. Lipton*, 238 Pa.Super. 124, 352 A.2d 521 (1975), both the majority and the dissent agreed that the period of time referred to in Rule 1409 is a "reasonable time." As Judge Hoffman stated in dissenting, "The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with 'reasonable promptness' after probation officials know or reasonably should have known of the violation." *Id.* at 135–36, 352 A.2d at 527. Thus, the sole question is whether the delay in revoking probation and imposing sentence was reasonable. *Commonwealth v. Duff*, 201 Pa.Super. 387, 192 A.2d 258 (1973).

In the instant case, both the testimony of the parole officer and the statement of the court on the record establish that appellant's parole revocation hearing occurred as soon as was reasonably possible. Moreover, appellant had in no way suffered the harm which Rule 1409 is designed to minimize. Since appellant was not incarcerated simply on the basis of a prima facie showing of a parole violation, the interest of providing a prompt *Gagnon II* hearing so that appellant, if innocent, would be released, was not present. In addition, appellant was not prejudiced in defending against the charges, especially insofar as he pleaded guilty to the charges upon which the revocation of parole was based. Finally, since the essence of the inquiry at a *Gagnon II* hearing is whether probation has been an effective vehicle to accomplish rehabilitation and a sufficient deterrent to fur-

118

ther criminal activity by the probationer or parolee, the mandate of a prompt revocation hearing is as much a directive designed to protect society as it is designed to protect the interests of the accused. *Commonwealth v. Kates*, 452 Pa. 102, 114–15, 305 A.2d 701 (1973). Therefore, the court below held a timely revocation of parole hearing and properly sentenced appellant.

Judgment of sentence is affirmed.