381 A.2d 957

**COMMONWEALTH of Pennsylvania**

v.

**William WATERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 28, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, AND SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's order revoking parole. Appellant contends that he is entitled to discharge because the revocation hearing was not held as speedily as possible as required by Pa.R.Crim.P. 1409. We disagree and affirm the lower court.

On October 9, 1973, appellant William Waters entered a guilty plea to burglary and larceny and was sentenced to time served to twenty-three months imprisonment for burglary and a concurrent three year term of probation for larceny. Appellant would then have completed the sentence for burglary on July 12, 1975, and larceny on August 12, 1976. Appellant was paroled on the burglary conviction on February 12, 1974.

Appellant was arrested on April 9, 1975, for theft. On October 27, 1975, he was convicted of theft and sentenced to eleven and one-half to twenty-three months imprisonment. This conviction provided the basis for the parole violation proceeding which is the subject of the instant appeal.

On March 24, 1976, and April 8, 1976, a revocation hearing was held. Parole was revoked and appellant was ordered to prison for the time remaining, approximately seventeen months, on the October 9, 1973, burglary conviction. Appellant contends that the delay of four months and twenty-six days from the date of conviction until the date of the revocation hearing, March 24, was unreasonable.

At the time of the revocation hearing, appellant was serving his sentence on the October 27, 1975, conviction. In

*Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court held that postponing a parole revocation hearing until after the parolee has completed the sentence for the conviction which constituted the parole violation does not offend the principles of due process set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *See also Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977). It is therefore clear that appellant has not been deprived of any federally mandated due process.

■ This, however, does not end our inquiry. Pa.R. Crim.P. 1409 provides as follows:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." (emphasis added).

"The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with 'reasonable promptness' after probation officials know or reasonably should have known of the violation." *Commonwealth v. Lipton*, 238 Pa.Super. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion by Hoffman, J.); *see also Commonwealth v. Holmes, supra; Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976). "Where the alleged violation consists of the commission of another crime during the original period of probation or parole, '[i]t is sufficient that the court which imposed the probation [or parole] should act promptly after the [conviction] . . . .' " *Commonwealth v. Holmes, supra* 248 Pa. at 557, 375 A.2d at 381, *quoting Commonwealth v. Duff*, 201 Pa.Super. 387, 395, 192 A.2d 258, 262 (1964).

■ The sole question in every case of this type is whether the delay from the date of conviction to the date of

revocation was reasonable. *Commonwealth v. Parker, supra.* In assessing reasonableness, we must consider the length of the delay, the reasons for the delay and the prejudice to the defendant. *Commonwealth v. Holmes, supra; Commonwealth v. Lipton, supra; Commonwealth v. Duff, supra.*

In *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971), a delay of five and one-half months was held unreasonable. It is clear, however, that neither Rule 1409 nor *Commonwealth v. White, supra,* intended to establish a prophylactic five month rule. *Commonwealth v. Parker, supra.*

In the instant case, appellant contends that the delay of four months and twenty-six days was unreasonable. The Commonwealth, on the other hand, contends that, because of various continuances, it should not be charged with any delay after March 2, 1976. We need not decide this issue,[1] however, because we find that appellant was not prejudiced by any delay.

Appellant does not contend either that he was actually prejudiced in that he could not defend the charge or that the Commonwealth intentionally delayed the revocation process in order to harass him or to gain some tactical advantage. *See Commonwealth v. Parker, supra.* Our cases have indicated that some minimal prejudice normally follows from the mere fact that the original period of parole has expired. In the instant case, however, appellant was originally sentenced to a concurrent three-year term of probation which, as previously noted, did not expire until August 12, 1976. Appellant cannot contend that he was prejudiced by the Commonwealth's actions which subjected him to a maximum period of confinement of seventeen months since he would have been subject to at least two years and six months imprisonment if the Commonwealth had elected to proceed on the original larceny conviction.

1. According to the testimony at the revocation hearing, appellant did not receive notice of the scheduled hearing until March 15, 1976. Absent other facts, appellant could not be charged with delay prior to this date.

Because of the minimal delay and the absence of prejudice, we find that, under the circumstances, the revocation proceedings in the instant case were held within a reasonable time following the theft conviction.

The judgment of sentence is affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, Judge, dissenting:

The majority, in assessing the reasonableness of a delay in a parole and probation revocation hearing, first inquires whether the defendant has been prejudiced; finding no prejudice, the majority sees no need to examine the Commonwealth's reasons for the delay. I believe the procedure should be just the opposite: the Commonwealth should be required to explain the delay, and only then should the court weigh the prejudice to the defendant. If there are no reasons, the court should look no further. The cases, I submit, support my belief.

Appellant argues that he was denied the speedy revocation hearing guaranteed by the Rules of Criminal Procedure.[1]

Pa.R.Crim.P. 1409 provides:

Whenever a defendant has been placed on probation or parole, the judge *shall not revoke* such probation or parole as allowed by law *unless* there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

(Emphasis supplied.)

1. There is no longer any federal ground for relief of one in appellant's position, since *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), held that it does not violate due process if the state postpones the parole revocation hearing until after the parolee has completed the sentence for the conviction that constituted the parole violation.

The cases involving this rule have presented a variety of situations, which may be arranged not chronologically, in the order they were decided, but rather by their similarities.

In *Commonwealth v. Darby*, 244 Pa.Super. 334, 368 A.2d 748 (1976), this court held that a delay of eight months between a guilty plea and the *Gagnon* II probation revocation hearing was unlawful where the defendant had been incarcerated solely on the basis of the *Gagnon* I hearing. Such a case presents the most compelling situation for a speedy hearing: if the violation is not established at the *Gagnon* II hearing, the defendant will go free.[2]

In *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977) and *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), this court went a step further, holding that a delay may be unreasonable where the defendant is in prison for the offense that constituted the parole or probation violation, and the revocation hearing is delayed beyond the expiration of the parole or probationary period. In *Holmes* the delay was over twenty months between the conviction and the revocation hearing; in *White* the delay was five months. Under such circumstances a favorable decision at the revocation hearing cannot result in the defendant's release. Nevertheless this court held that

a certain amount of prejudice necessarily follows from the mere fact of the expiration of the parole period. Clearly, the prejudice in the instant case was minimal. When we consider this prejudice, together with the extraordinary length of the delay and the utter lack of diligence or explanation by the county probation officials, we find that appellant was denied his right to a speedy hearing. *Commonwealth v. Holmes, supra*, 248 Pa. at 560, 375 A.2d at 382.

In *Commonwealth v. Jones*, 242 Pa.Super. 558, 364 A.2d 414 (1976), this court considered the next situation, which is appellant's situation here. There the delay was nine and

2. Another, not quite so compelling situation, which has not yet arisen before us, would be one in which the defendant is free pending his *Gagnon* II hearing, but nonetheless has the possibility of a return to prison hanging over his head.

one-half months between conviction and the probation revocation hearing, and the Commonwealth did not explain various postponements of the hearing. As in *White*, the conviction had resulted in the defendant's imprisonment, so that the revocation hearing could not have resulted in his immediate release. Unlike in *White*, however, the probationary period had not expired during the delay before the revocation hearing. The prejudice to the defendant was therefore minimal. *See Commonwealth v. Holmes, supra*, and *Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976). Even so, this court held the delay unlawful, stating: "We find no facts in the present case to give us cause to deviate from *White's* delineation that five months may not be 'as speedily as possible.'" 242 Pa.Super. at 561, 364 A.2d at 416. Thus this court refused to hold that the lawfulness of the delay turned on whether the probationary period had or had not expired. It did not inquire further into prejudice to the defendant. It merely said that the Rules "mandate that a part of due process in such cases . . . is the right to a speedy hearing. Appellant was denied this right." 242 Pa.Super. at 561–62, 364 A.2d at 416.

Here, the revocation proceeding was held almost five months after appellant was convicted of the crime on the basis of which parole and probation were revoked. I would hold that under *Commonwealth v. Jones, supra*, and *Commonwealth v. White, supra*, the revocation hearing was not "held as speedily as possible." Pa.R.Crim.P. 1409, and that no prejudice to the appellant need be proved, since the Commonwealth had not adequately explained the delay.

This conclusion is consistent with, and is supported by, *Commonwealth v. Parker, supra*. There this court held that a four-month delay was not unlawful, the Commonwealth having shown that the revocation hearing had been held as soon as was reasonably possible. It is also consistent with *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977), which similarly balanced the Commonwealth's reasons for the delay against the prejudice to the probationer, and found no denial of a speedy hearing. I am not suggesting that this court be inexorable; we should—and the hear-

ing judge should—always consider any reason the Commonwealth offers to explain a delay.[3] Without *some* explanation, however, we should not excuse a delay of nearly five months.

Here, appellant was convicted on October 27, 1975. A parole and probation violation hearing was listed for March 2, 1976, continued to March 16, 1976, and again to March 24, 1976. Furthermore, appellant received no official notice of the hearing until March 15, 1976. The Commonwealth offers no explanation of why a hearing was not set until March 2, 1976. It claims without elaboration that the continuations were "for various reasons" and that "none of the time after the March 2, 1976 date can be actually attributed to the Commonwealth." Brief for appellee at 2 & note 1. But as the majority says at note 1, *supra*, because of the lack of notice to appellant until March 15, 1976, appellant could not be charged with delay prior to that date.

The order revoking parole and probation should be reversed.

HOFFMAN, J., joins in this opinion.

---

**3.** Explanations this court has indicated it might accept are certain delays incident to the scheduling of hearing or to administrative problems occurring because the probation violation consists of a crime committed in a different county. *Commonwealth v. Holmes, supra* 248 Pa. at 560, 375 A.2d at 382.