385 A.2d 979

## COMMONWEALTH of Pennsylvania

v.

## Sherman WILLIAMS, a/k/a Sherman Wilson, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided April 13, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal is taken from the lower court's order revoking probation. Appellant contends that he was not provided with a timely written notice of the alleged violations prior to the revocation hearing and that he was deprived of the right to a speedy revocation hearing. We agree with the former claim but disagree with the latter. The case must therefore be remanded for a second revocation hearing.[1]

In August of 1973, appellant was sentenced for aggravated robbery to a four year term of probation conditioned on

---

1. In his brief, appellant also contends that he was denied the right to confront an adverse witness and that he was deprived of due process because the lower court forced appellant to establish one of the violations. Since these alleged errors may be resolved to appellant's satisfaction at the re-hearing, we will not dispose of them at this time.

the attendance of an eighteen to twenty-four month in-patient drug treatment program. He was also sentenced to a consecutive four year term of probation for burglary.[2]

Appellant allegedly absconded from the in-patient program at Gaudenzia House on August 5, 1974. In January of 1975, appellant was arrested for theft of services, and in February, he was again arrested and charged with robbery, conspiracy and several other related offenses.

A probation revocation hearing was scheduled for April 1, 1975, but it was continued pending disposition of the outstanding criminal charges. After a Municipal Court trial on April 25, 1975, appellant was found guilty of attempted theft of services arising out of the January, 1975, incident. This conviction was appealed to the Court of Common Pleas for a trial de novo. On May 27, 1975, appellant was convicted of robbery and conspiracy. Sentencing was continued until June 27, 1975, pending receipt by the lower court of a pre-sentence report.

A probation revocation hearing was again scheduled for June 17, 1975. On that date, appellant's counsel appeared and requested a continuance pending a final disposition of

2. Appellant also contends that the court had no power to revoke probation on the burglary conviction because appellant had not begun serving that sentence. Without citing any cases in support of this novel proposition, appellant argues that "[t]o hold that appellant's second probation may be revoked during the first probation is, in effect, changing appellant's sentence to . . . 8 years concurrent probation . . . [for burglary]" (appellant's brief at 19) and amounts to an illegal increase in punishment. First, the analogy is not accurate. If appellant had satisfactorily completed the first term of probation, he could not have been thereafter incarcerated for more than four years which was the length of the second probationary sentence. This case is not therefore analogous to an eight year consecutive probationary term. Moreover, this argument misconceives the purpose of probation which is to provide the opportunity for rehabilitation as well as to afford a sufficient deterrent against future antisocial conduct. "When it becomes apparent that the probationary order is not serving this desired end the court's discretion to impose a more appropriate sanction should not be fettered." *Commonwealth v. Kates*, 452 Pa. 102, 115, 305 A.2d 701, 708 (1973). This contention is without merit.

all open cases.[3] Appellant withdrew his appeal for a trial de novo on June 24, 1975. He was sentenced, on August 4, 1975, to eleven and one-half to twenty-three months imprisonment for robbery and to a consecutive four year term of probation for conspiracy.

The probation revocation hearing was scheduled for January 12, 1976, but was continued until January 19, 1976, pending receipt of a written notice of charges. Appellant was provided with written notice of the charges only ten minutes prior to the January 19th hearing. At the hearing, probation was revoked, and appellant was sentenced to two consecutive two to four year terms of imprisonment.

■■■ Appellant first contends, as he did at the revocation hearing, that he was not provided with a timely written notice of the charges. It is well established that a probationer has a right to receive written notice prior to the revocation hearing in order to provide him with an opportunity to prepare a defense. *See, e. g., Commonwealth v. Stratton*, 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson*, 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974). Clearly ten minutes written notice is insufficient at least where, as in the instant case, the hearing was continued for the express purpose of providing notice and where appellant specifically objected at the revocation hearing to this deprivation. The case must therefore be remanded for a *Gagnon II* revocation hearing after the Commonwealth provides appellant with written notice of the charges.

3. At the hearing on January 19, 1976, the following colloquy took place between the hearing judge and appellant's attorney:

"THE COURT: Well, do you know on June 17, 1975, your Office appeared with this defendant and requested a continuance of this matter?

MR. DESSEN: That's correct, your Honor.

THE COURT: You requested a continuance.

MR. DESSEN: I don't know.

THE COURT: And you asked to wait until the disposition of all his open cases. That was yourself.

MR. DESSEN: That's correct, your Honor; but the case . . . was disposed of in August."

Appellant also contends that he was not afforded a prompt revocation hearing as mandated by our Rules of Criminal Procedure. This contention is without merit.

Pa.R.Crim.P. 1409 provides, *inter alia*, that probation shall not be revoked "unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel . . . ." (emphasis added). "The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with 'reasonable promptness' after probation officials know or reasonably should have known of the violation." *Commonwealth v. Lipton*, 238 Pa.Super. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion by Hoffman, J.); *see also Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976); *Commonwealth v. Duff*, 201 Pa.Super. 387, 192 A.2d 258 (1964). This rule is qualified somewhat if the alleged violation consists of the commission of another crime during the original period of probation. In such a case "[i]t is sufficient that the court which imposed the probation should act promptly after the [conviction] . . . ." *Commonwealth v. Duff, supra*, 201 Pa.Super. at 395, 192 A.2d at 262.

Ordinarily, for the purpose of Rule 1409, the date of conviction is the date of entry of a verdict or plea of guilty.[4] *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977). Such a verdict or plea "provides . . . all the information [needed] to begin the parole [or probation] revocation process, for it establishes the fact of a . . . violation." *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 411 (E.D.Pa.1975).

4. In *Commonwealth v. Parker, supra*, we held that delay prior to sentencing on the underlying conviction should not be considered. In *Parker*, however, the appellant was sentenced immediately after entering a guilty plea. *Commonwealth v. Jones, supra*, clearly establishes the date of entry of the verdict or plea of guilty as the date of conviction.

■ In the instant case, however, the record established, and the lower court found, that appellant's attorney requested a continuance pending disposition of all open cases. At the January 19th hearing, counsel admitted that the previously scheduled revocation hearing was continued pending sentencing, which took place August 4, 1975. Clearly, the Commonwealth cannot be charged with any delay prior to this date. We are therefore concerned, at most, with a delay of five and one-half months.

The sole question in the instant case is whether the hearing was unreasonably delayed by the Commonwealth. *Commonwealth v. Lipton, supra.* In assessing the merits of this question, we have held that we must consider the length of and reasons for the delay as well as the prejudice caused by the delay. *Commonwealth v. Holmes, supra.*

■ The appellant correctly points out that the Commonwealth has offered no reason why the hearing was not held sooner. This is not particularly surprising since appellant's attorney did not raise the issue until closing argument.[5] In any event, there is no indication that the Commonwealth deliberately attempted to delay the hearing in order to hamper the defense. Absent a deliberate attempt to impede appellant's case or any resulting prejudice, we conclude that a five and one-half month delay is not unreasonable.

In *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), this court held that a five month and 13 day delay was unreasonable when the original probationary period expired five weeks before the revocation hearing. *White*

5. The appellant contends that the Commonwealth should be required to explain the delay and that if no reason is advanced the appellant should be discharged. This court has been loathe to apply any form of waiver to revocation proceedings because they are supposed to remain informal in nature. If we adopt appellant's position without adopting a waiver theory, the Commonwealth would be required to explain all delay in every case. If any delay was not explained, even though there was no objection raised at the hearing, the appellant could raise the issue for the first time on appeal, and he would be entitled to be discharged. It is inconsistent with our adversary criminal justice system to require a party to address uncontested issues.

was prejudiced because he served the entire probationary term before revocation occurred. Assuming that *White* retains applicability to violations at or near the end of the probationary period, it provides little or no precedential value to the instant case in which appellant was in no way prejudiced by the delay. *See Commonwealth v. Jones, supra.*[6]

■ "The primary purpose of requiring a prompt revocation hearing is to prevent the loss of essential witnesses or documentary evidence and the continuance of unnecessary incarceration or other limitations on personal liberty." *Commonwealth v. Jones, supra,* 250 Pa.Super. at 121, 378 A.2d at 483, *citing Sutherland v. District of Columbia Board of Parole,* 366 F.Supp. 270 (D.D.C.1973). In the instant case, appellant was incarcerated serving a sentence for robbery on August 4, 1975, and was still serving this sentence on January 19, 1976, the date of the revocation hearing. Moreover, at the time of the hearing, appellant had served only two and one-half years probation out of a total sentence of eight years. Any delay, therefore, did not result in unnecessary incarceration or limitations on personal liberty. Finally, appellant has never contended that the delay impeded his defense.[7] Appellant was, therefore, not deprived of any legitimate interest in a prompt revocation hearing.

This court has recognized that "the mandate of a prompt revocation hearing is as much a directive designed to protect society as it is designed to protect the interests of the accused." *Commonwealth v. Parker, supra* 244 Pa.Super. at 118, 366 A.2d at 943–44. Although one of appellant's probation violating offenses, jumping over a public transit turnstile, was, from a societal perspective, a relatively minor infraction, the remaining violations were serious. Since

6. In *Jones,* we recognized that neither *Commonwealth v. White, supra,* nor Rule 1409 established a presumptive time period within which the Commonwealth must revoke probation.

7. Since the criminal convictions conclusively established two of the violations, *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), it is difficult to perceive how appellant could have been prejudiced in defending the case.

1973, appellant has been convicted of burglary, aggravated robbery, robbery and conspiracy. It is obvious that probation has not been an effective vehicle to accomplish rehabilitation or a sufficient deterrent to further criminal activity by the probationer. If, as we have indicated, society's interest is ever relevant to the speedy hearing issue, it certainly should be considered where, as in the instant case, appellant can assert no prejudice of any type.

Based on the above discussion, we hold that this case is to be remanded for a *Gagnon II* revocation hearing because appellant was not provided with proper written notice prior to the original hearing.

VAN der VOORT, J., joins in this opinion.

CERCONE, J., files a concurring opinion, in which VAN der VOORT, J., joins.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

CERCONE, Judge, concurring:

I agree with the majority's disposition but wish to point out that the period of delay in question was less than the six months given the Commonwealth to bring a criminal defendant to trial under Rule 1100, Pa.R.Crim.P. Surely an incarcerated probationer or parolee whose liberty does not depend on the outcome of a revocation hearing is entitled to no greater consideration.

VAN der VOORT, J., joins in this opinion.

SPAETH, Judge, dissenting:

I dissent and would reverse the order revoking probation for the reasons given in *Commonwealth v. Waters*, 252 Pa.Super. 357, 381 A.2d 957 (1977) (Spaeth, J., dissenting).

HOFFMAN, J., joins in this opinion.