400 A.2d 179

**COMMONWEALTH of Pennsylvania**

v.

**Wendell LONG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided March 23, 1979.

466

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge, filed a dissenting opinion in which SPAETH, J., joined.

SPAETH, J., filed a dissenting opinion.

This case was decided prior to the retirement of JACOBS, former President Judge.

HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge:

The appellant, Wendell Long, was convicted of one count of terroristic threats, and four counts of aggravated assault, and was sentenced, on November 14, 1974, to five to twenty-three months imprisonment for terroristic threats, and two concurrent terms of probation for assault. Approximately one month later, on December 20, 1974, he was paroled, after receiving credit for time previously served. On July 30, 1975, appellant was arrested and charged with simple assault. He was convicted on this charge and on October 1, 1975, sentenced to eleven and one half to twenty three months in prison. A parole violation hearing was thereafter held on December 4, 1975, but the parole was continued, as the lower court concluded that the sentence imposed on the then latest charge was sufficient and the circumstances did not then warrant a revocation of parole. On June 5, 1976, appellant was arrested on charges of rape and simple assault. He was convicted on these latter charges on October 25, 1976, but sentencing was deferred until after February 23, 1977, when appellant was sentenced to two to four years imprisonment on the rape charge and one to two years on the assault charge, sentences to run concurrently. A parole revocation hearing was held on April 5, 1977, which resulted in a revocation order by the lower court. It is from the order revoking parole that this appeal arises. Appellant's sole claim is that the delay between his latest conviction and the parole revocation hearing was violative of his right to a speedy hearing.

Appellant, citing *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971), argues that the five month delay was too lengthy and constituted a denial of due process. While *White* also featured a delay of five months between a later conviction and the parole revocation, we have held that neither the holding in that case, nor the requirements of Rule 1409 of the Pennsylvania Rules of Criminal Procedure,[1]

1. Rule 1409, concerning violations of probation or parole, provides:
   Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law

establish a prophylactic five-month rule. *Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957 (1977). In *Waters,* which featured a delay of four months and twenty-six days between the date of a conviction and a parole revocation hearing, we held that the sole question in these situations is whether the delay was reasonable. In assessing reasonableness, we noted that we had to consider not only the length of the delay, but also the reasons for the delay and whether there was any prejudice to the defendant. *Waters, supra,* 252 Pa.Super. at 361, 381 A.2d at 959. See also *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. Lipton,* 238 Pa.Super. 124, 352 A.2d 521 (1975).

In the instant case, the lower court noted that it was promptly informed of the appellant's October 25, 1976 conviction. However, the following explanation is offered in the lower court's Opinion, to justify the delay:

> The Court was aware that the defendant had been found guilty of rape and was being held in lieu of bail as well as on detainers. It was apparent to the Court in light of the defendant's record and seriousness of the new conviction, that a substantial prison term might be imposed. The parole officer recommended that no hearing be held until sentencing on the new charge. In view of all the circumstances, the Court deemed it proper to await the results of sentencing before imposing its own sentence based on the direct violation.

While it might be argued that a trial court possesses all of the facts necessary for a revocation hearing when it learns of the *conviction* of a later crime during a period of parole, we cannot find that it was unreasonable for the lower court in this case to delay the revocation hearing until the appellant was sentenced on the other charge. Our determination that there is no unreasonableness is reinforced by the ab-

unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

sence of any prejudice to appellant as a result of the delay.[2] The appellant was already incarcerated and suffered no loss of freedom as a result of the delay. No claim is raised that the passage of time caused appellant problems such as missing witnesses or other typical byproducts of delays in litigation. While *general* prejudice is asserted in the appeal brief, none was proven before the lower court, nor particularized to our Court. In light of all of these factors, we reject the appellant's arguments that he was denied due process in the instant case.

Affirmed.

JACOBS, President Judge, files a dissenting opinion in which SPAETH, J., joins.

SPAETH, J., files a dissenting opinion.

This case was decided prior to the retirement of JACOBS, former President Judge.

HOFFMAN, J., did not participate in the consideration or decision of this case.

JACOBS, President Judge, dissenting:

This appeal raises the familiar issue of whether appellant's parole was revoked within a reasonable time after conviction of new criminal charges. For the reasons that follow, I would hold that it was not, and therefore reverse the order entered below.

On November 14, 1974, appellant was convicted of one count of terroristic threats and four counts of aggravated assault, and sentenced to five to twenty-three months imprisonment for terroristic threats and two concurrent terms of probation for assault. He was paroled on December 20, 1974.

2. We also note that appellant benefitted in the past by a delay in scheduling of a revocation hearing until after sentencing on a July, 1975 assault charge, when the trial court decided on that occasion to not revoke parole, due to the length of sentence imposed on the assault conviction.

Then on June 5, 1976, appellant was arrested and charged with rape and simple assault. He was convicted on October 25, 1976, and sentencing was deferred until February 23, 1977. At that time, concurrent prison terms of two to four years for rape and one to two years for assault were imposed.

A parole revocation hearing was held on April 5, 1977, whereupon parole was revoked and appellant was ordered to serve the remainder of his original sentence for terroristic threats. This appeal followed.

Appellant asserts that the delay of more than five months in this case was unreasonable, and he therefore requests reinstatement of his parole. In determining reasonableness in this context, we must examine the length of the delay, reasons for the delay, and the existence of prejudice to the defendant. *Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957, 959 (1977).

In this case, parole revocation occurred more than five months after conviction. We held a delay of similar duration unreasonable in *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971). Consequently, I cannot find that the delay here was intrinsically reasonable: *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977). Nevertheless, we must bear in mind that neither *White* nor Rule 1409 intended to establish a prophylactic five-month rule. *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976).

The reason for the delay is the real point of contention in the instant case. In its opinion, the court below deemed it proper to delay the revocation hearing "pending resolution of post-trial matters and sentencing on the direct violation." We disapproved the practice of postponing revocation proceedings pending disposition of post-trial motions in *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977). I likewise disapprove of delaying revocation proceedings until sentencing for the same reason: "A verdict or plea of guilty provides . . . all the information [needed] to begin the parole revocation process, for it establishes the fact of a parole violation." *United States ex rel. Burgess v.*

*Lindsey,* 395 F.Supp. 404, 411 (E.D.Pa.1975). Consequently, although the delay in this case was not a malicious attempt to hamper the defense, it did arise from factors within the Commonwealth's control, and therefore supports appellant to that extent. *See Commonwealth v. Jones,* 250 Pa.Super. 116, 120, 378 A.2d 481, 483 (1977).

Finally we must examine the prejudice to the defendant occasioned by the delay. Appellant has not alleged that evidence was lost or that he was unable to defend against the charges because of the delay. As previously indicated, the delay was not the product of any effort by the Commonwealth to harass appellant or to gain some tactical advantage over him. Nonetheless, appellant did suffer the minimal prejudice resulting from the expiration of his parole during the period of delay. *See Commonwealth v. Holmes,* 248 Pa.Super. 522, 375 A.2d 379 (1977). Furthermore, the record reveals that appellant was incarcerated for the entire period of the delay. N.T. Parole Violation Hearing p. 11.

Under these circumstances, given the length of the delay and its cause by factors within the Commonwealth's control, in addition to the existence of some prejudice to appellant as the result of the delay, I would hold that the parole revocation hearing was not held "as speedily as possible," and accordingly reverse the order revoking parole.

SPAETH, J., joins in this dissenting opinion.

SPAETH, Judge, dissenting:

In addition to joining Judge JACOBS's dissent, I wish to respond to the justification given in footnote 2 and accompanying text of the majority's opinion for the lower court's postponement of the revocation hearing until appellant was sentenced on the convictions that constituted the parole violation. The majority suggests that by postponing the revocation hearing, the lower court was able to learn the sentence that had been imposed upon those convictions and thus could ensure that appellant would not be punished excessively for his parole violation. It seems to me, however, that the sentencing judge on the convictions that

constitute the parole violation can perfectly well take into account the actions of the parole revocation judge. I do not believe, therefore, that the delay of the revocation hearing can be justified on the ground that such procedure prevents excessive sentencing. Because no other reason for the delay was given by the lower court, and because appellant was prejudiced by the undue delay, the parole revocation should be vacated.