J-A12008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN MICHAEL BOOK | : | |
| | : | |
| Appellant | : | No. 976 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 23, 2021
In the Court of Common Pleas of Butler County
Criminal Division at CP-10-CR-0001483-2015

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 13, 2022**

Shawn Michael Book (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his parole.  We affirm.

The trial court described the underlying facts and procedural history as follows:

> On July 3, 2015, a resident of Worth Township, Butler County, reported a burglary to the State Police.  A male, later identified as [Appellant], entered the house and began to take the victim's medication.  When [Appellant] saw the resident, [Appellant] fled the scene.  Following an investigation into the burglary, [Appellant] was identified as the perpetrator.  A criminal complaint was filed on July 13, 2015, followed by an information on August 19, 2015.  The information charged [Appellant] with one count of burglary under 18 Pa.C.S. § 3502(a)(1) and one count of criminal trespass under 18 Pa.C.S. § 3503(a)(1)(i).
>
> A jury trial was held on June 21, 2016, during which the trial court declared a mistrial.  After that first mistrial, defense counsel

_____

[*] Retired Senior Judge assigned to the Superior Court.

filed a motion to dismiss, which the court denied. A second jury trial was held on April 19, 2017, during which the trial court declared another mistrial. A motion to dismiss followed, which the trial court denied in an order dated July 19, 2017. A timely appeal of that denial then followed, and on June 27, 2018, the Superior Court affirmed the trial court's decision. *See Commonwealth v. Book* [], 193 A.3d 1120 (Pa. Super. Ct. 2018) [(unpublished memorandum)].

[Appellant] entered a plea of *nolo contendere* pursuant to a plea agreement on April 16, 2019. The court sentenced [Appellant] on May 9, 2019 to serve 6 to 36 months' imprisonment, to be paroled immediately.[1] The parole officer supervising [Appellant] filed a request to schedule a parole [violation] hearing on July 10, 2019. Following several continuances, the hearing was scheduled on January 17, 2020. At that time, [Appellant] did not appear, and the court issued a bench warrant.

On August 4, 2020, the Commonwealth received word that [Appellant] was currently incarcerated in the Lawrence County Jail. Upon that realization, the Commonwealth requested that a parole revocation hearing be scheduled and [Appellant] be transported to Butler County for that hearing[, which occurred on November 20, 2020]. [Appellant] was found to be in violation of parole and, following several continuances [requested by Appellant], a parole revocation hearing was scheduled for July 23, 2021. At that hearing, the court revoked [Appellant's] parole and committed him to serve the unexpired balance of [his original sentence imposed on May 9, 2019,] in the Butler County Prison. In the order, [Appellant] received credit for time served as provided by law, but not for any street time. [Appellant] then filed a motion for parole, along with a ten-day motion for modification of sentence on July 30, 2021. However, prior to resolution of those motions, [Appellant timely] filed a notice of appeal on August 19, 2021. As such, the court noted that it was without jurisdiction to hear the motions filed on July 30, 2021, and therefore would take no action regarding those motions. [*See* Pa.R.A.P. 1701(a) ("after an appeal is taken …, the trial court … may no longer proceed further in the matter.")]

_____

[1] Prior to sentencing, Appellant was on pretrial supervision with electronic home monitoring.

- 2 -

Trial Court Opinion, 10/12/21, at 1-3 (footnote added; unnecessary capitalization omitted). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents five issues for our consideration:

I. Whether the Appellant has been wrongfully denied credit for time served on house arrest?

II. Whether stopping the clock due to Covid-19 is a violation of [Pa.R.Crim.P.] 600 and constitutes cruel and unusual punishment in violation of the Eighth Amendment?

III. Whether the Appellant was denied due process when the Butler County Parole officers did not immediately retrieve him from Lawrence County?

IV. Whether the Appellant was deprived of due process by being retained in Lawrence County from January to August 2020 and being detained in Butler County from August 2020 to July 2021 until the present?

V. Whether the court deprived the Appellant of release as required by the Executive Order of Governor Wolf?

Appellant's Brief at 2 (issues renumbered).

Preliminarily, we note this Court has jurisdiction over appeals from parole orders of the courts of common pleas. *Commonwealth v. McDermott*, 547 A.2d 1236, 1240 (Pa. Super. 1988). "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008); *see also id.* at 290 ("Unlike

a probation revocation, a parole revocation does not involve the imposition of a new sentence."). We review the revocation of parole for an abuse of discretion. *Id.* at 291; *see also id.* ("In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.").

Appellant first argues the sentencing court erred in failing to give him credit for time he served on house arrest. *See* Appellant's Brief at 7-8. Appellant asserts:

> On February 10th, 2016, on a [Pa.R.Crim.P.] 600 Motion …, [Appellant] was released on pre-trial supervision with house arrest/electric monitoring. … During the pretrial period, [Appellant] was confined to house arrest, and now believes he should get the same credit for time served on house arrest as he would during confinement in an institution.

*Id.* at 7.

Appellant's claim implicates the legality of his sentence. *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) ("A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence."). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citation omitted).

"The issue of whether an individual is entitled to sentencing credit against a term of incarceration for time spent on bail release subject to electronic home monitoring is primarily one of statutory construction." *Commonwealth v. Kyle*, 874 A.2d 12, 17 (Pa. 2005). The Sentencing Code

provides that a defendant is entitled to credit "for all time spent **in custody as a result of the criminal charge** for which a prison sentence is imposed[.]" 42 Pa.C.S.A. § 9760(1) (emphasis added); *see also Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) ("The principle underlying Section 9760 is that a defendant should be given credit for time spent **in custody** prior to sentencing for a particular offense." (emphasis in original; citation and brackets omitted)).

Our Supreme Court has addressed 42 Pa.C.S.A. § 9760(1) and "custody," stating:

> The easiest application of this statutory provision is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where the defendant spent time somewhere other than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody."
>
> * * *
>
> It is clear that, for over a decade, Pennsylvania appellate courts have determined, as a matter of statutory construction, that **criminal defendants are not entitled to credit against a sentence of imprisonment for time spent subject to home monitoring programs**. *See* [*Commonwealth v.*] *Kriston*, … 588 A.2d 898 [(Pa. 1990)]. Courts have interpreted the word "custody," as used in Section 9760, to mean time spent in an **institutional** setting such as, at a minimum, an inpatient alcohol treatment facility. *See*, *e.g.*, [*Commonwealth v.*] *Conahan*, … 589 A.2d 1107 [(Pa. 1990)]…. This Court has emphasized that, because **home release on electronic monitoring does not constitute custody**, credit should not be awarded for it toward a prison sentence.

- 5 -

*Kyle*, 874 A.2d at 17-18 (emphasis added).

Based on the foregoing, there is no merit to Appellant's claim. *See id.*; *see also Dixon*, 161 A.3d at 952 (discussing *Kyle* and its progeny and stating, "[a]ppellant's case falls squarely under this jurisprudence deeming bail release with electronic monitoring ineligible for a Section 9760 award of credit for time served."); Trial Court Opinion, 10/12/21, at 4 ("Under *Kyle* and *Dixon* [], [Appellant's] time on house arrest with electronic monitoring cannot be applied as credit for time served.").

Appellant's second issue encompasses two separate claims; namely, that the trial court (1) subjected Appellant to cruel and unusual punishment by confining him to prison, which allegedly put him at "risk of suffering a fatal Covid 19 infection by his confinement"; and (2) violated Appellant's speedy trial rights pursuant to Pa.R.Crim.P. 600. Appellant's Brief at 9. Appellant fails to meaningfully develop his argument in support of these claims (consisting of two short paragraphs), or provide citation to authority. *See* Pa.R.A.P. 2119(a) (requiring development of an argument with citation to and analysis of relevant legal authority). It is settled that "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) ("When an appellant cites

no authority supporting an argument, this Court is inclined to believe there is none."). This Court will not act as counsel, and will not develop arguments on behalf of an appellant. *Commonwealth v. Kearney*, 92 A.3d 51, 67 (Pa. Super. 2014); *see also Coulter*, 94 A.3d at 1088-89 (mere issue spotting without analysis or legal citation to support an assertion precludes appellate review). Accordingly, Appellant waived the claims raised in his second issue. *See*, *e.g.*, *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (finding issue waived because appellant "cited no legal authorities nor developed any meaningful analysis"); *Reyes-Rodriguez*, *supra* (same).

Waiver notwithstanding, Appellant's claims do not merit relief. Appellant concedes "[R]ule 600 applies only to time spent awaiting trial and not to confinement due to a parole revocation." Appellant's Brief at 9; *see also* Trial Court Opinion, 10/12/21, at 4 ("Rule 600 … and … relevant case law provides no indication that Rule 600 applies to a parole revocation hearing. At no point was [Appellant] awaiting trial during the COVID-19 pandemic."). Further, Appellant's claim of cruel and unusual punishment related to his internment during the pandemic is not proper on direct appeal. *See Commonwealth v. Crawford*, 257 A.3d 75, 80 (Pa. Super. 2021) (rejecting inmate's cruel and unusual punishment claim regarding the Covid-19 pandemic, stating "[a]ny issue relating to safety conditions of the prison, including [] matters related to the pandemic, are not proper in a direct appeal, but instead would be properly addressed to the Department of Corrections."

(footnote omitted)); *see also Commonwealth v. Gillums*, 249 A.3d 1172 (Pa. Super. 2021) (unpublished memorandum) (same). Appellant's second issue does not merit relief.

In his third issue, Appellant asserts a due process violation. However, the corresponding argument section of Appellant's brief contains only an issue heading and no argument; thus, he waived this issue as well. *See*, *e.g.*, *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (were an appellant "fails to expand upon [a] claim in the argument section of his brief … the claim is waived."); *see also Coulter*, *supra*.

In his fourth issue, Appellant argues the trial court deprived him of due process by incarcerating him in the Lawrence County Jail (LCJ) "from January to August 2020, and … in Butler County from August 2020 to July 2021 and until the present," without notice of his parole violations or timely hearings. Appellant's Brief at 9. Appellant contends,

> state actors in both Butler and Lawrence County ought to have known [Appellant] was wanted for a parole violation and where he was located. They should have cooperated to timely handle the parole violations for which he has been incarcerated without remedy for too long.

*Id.* at 10. Appellant further "urges he should be entitled to a jury trial on the issue of whether he should be sentenced for violating" his parole. *Id.* at 18. Appellant concedes, however, parole "revocation is not part of a criminal prosecution and thus, the violator is not given the full panoply of rights." *Id.* at 14 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("the revocation

of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.")); *see also Commonwealth v. Mullins*, 918 A.2d 82, 85 (Pa. 2007) (explaining the standards for a violation of probation/parole hearing are distinctly different from a trial, as a VOP hearing "**takes place without a jury**, with a lower burden of proof, and with **fewer due process protections**." (emphasis added; citation omitted)).

The Commonwealth responds:

If a defendant is already incarcerated on other charges, he cannot claim the delay in holding the revocation hearing caused him any loss of personal liberty. *Commonwealth v. Clark*, 8[47] A.2d 122, 123-124 (Pa. Super. 2009); *Commonwealth v. Bischof*, [616 A.2d 6,] 9 [(Pa. Super. 1992) (rejecting appellant's due process challenge, stating "[a]ppellant was already incarcerated on the charges for which his parole was revoked, and was therefore not occasioned any loss of personal liberty because of the delay in holding his revocation hearing.")]. Once the Commonwealth in Butler County learned that Appellant was in the [LCJ,] it took immediate steps to have Appellant's [parole revocation] hearing rescheduled. Once Appellant was brought to Butler County, he requested multiple continuances — the Commonwealth requested none. Appellant's claims of due process violations fail[.]

Commonwealth Brief at 11.

Appellant's claim implicates Pennsylvania Rule of Criminal Procedure 708, which provides:

(B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

> (1) a hearing held **as speedily as possible** at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added). While Rule 708 does not define "speedily as possible" or establish a period in which the Commonwealth must revoke parole/probation, the phrase "has been interpreted to require a hearing within a reasonable time." **Clark**, 847 A.2d at 123. "[T]he question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay." **Id.** at 124; **see also id.** (detailing the factors a court examines in evaluating reasonableness of a delay).

Here, the trial court rejected Appellant's due process challenge, reasoning:

> This court was not made aware of [Appellant's] incarceration in LCJ until August 5, 2021, at which time the Commonwealth filed a motion informing the court of the incarceration. At th[e] time it was made aware, the Commonwealth began the process of scheduling a hearing and transporting [Appellant] to Butler County. Throughout his incarceration at LCJ, [Appellant] had several cases in Lawrence County to resolve. Those cases were resolved shortly after his transport to Butler County.
>
> Under Pa.R.Crim.P. 150(A)(1), "[w]hen a defendant or witness is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant." Additionally, "[w]hen the individual is arrested outside the county of issuance, the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Pa.R.Crim.P. 150(A)(4).

- 10 -

> The bench warrant hearing shall be conducted without unnecessary delay after the individual is lodged in the jail of the county of issuance on that bench warrant . . . [T]he individual shall not be detained without a bench warrant hearing on that bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day.[]

Pa.R.Crim.P. 150(A)(5)(b). Finally, "[i]f a bench warrant hearing is not held within the time limits in paragraph (A)(5)(b), the bench warrant shall expire by operation of law." Pa.R.Crim.P. 150(A)(7).

> The [trial] court was not made aware of [Appellant's] incarceration in [LCJ] until August 5, 2020, when the Commonwealth filed its motions to schedule a hearing and to transport [Appellant] to Butler County. Additionally, at the time he was incarcerated in the [LCJ, Appellant] had several cases pending in the Lawrence County Court of Common Pleas. Those cases were not completed until he was brought to Butler County. Therefore, [Appellant's claims] lack merit.

Trial Court Opinion, 10/12/21, at 4-5 (citations modified; some capitalization omitted).

The trial court's reasoning is supported by the law and the record. Contrary to Appellant's claims, he was not deprived of due process; he had no right to be tried by a jury during the parole revocation hearing, and any delay in holding the hearing was not unreasonable. *See*, *e.g.*, *Clark*, *supra*; *Mullins*, *supra*; *Commonwealth v. Long*, 400 A.2d 179, 180-81 (Pa. Super. 1979) (holding it was not unreasonable for lower court to delay revocation hearing until appellant was sentenced on other charges, and stating, "[o]ur determination that there is no unreasonableness is reinforced by the absence of any prejudice to appellant as a result of the delay. The appellant

- 11 -

was already incarcerated and suffered no loss of freedom as a result of the delay." (footnote omitted)). Appellant's fourth issue lacks merit.

Finally, Appellant asserts the trial court erred in refusing to release him from incarceration "as required by executive Order of Governor Wolf[.]" Appellant's Brief at 18. Appellant relies on Governor Wolf's April 10, 2020, order which "required the Pennsylvania Department of Corrections [to] recommend reprieve [of certain classes of inmates] **after consultation** with the courts and the District Attorney from the County." *Id.* at 18-19 (emphasis added); *id.* Appendix 1 (R-15-A) (April 10, 2020, order); *see also Fultze v. Pa. Parole Bd.*, 2021 WL 5917604, at *2 (Pa. Commw. 2021) (unpublished memorandum) (explaining the April 10, 2020, order).

The trial court explained that the April 10, 2020, order does not apply to Appellant. The court explained:

> Governor Wolf issued an executive order to release 1,800 inmates in April of 2020, and pardoned 300 or so non-violent marijuana related offenses in March of 2021.[1] However, the release of the prisoners in the first group were chosen by the Department of Corrections based on select criteria, including incarceration time remaining and level of risk pertaining to COVID-19 complications. The second group involved non-violent marijuana related offenses. The [trial c]ourt was not involved in the selection process. Therefore, the [c]ourt could not have erred in failing to release [Appellant].
>
> [1] https://local21news.com/news/local/gov-wolf-issues-executive-order-to-release-18000-inmates-to-stop-covid-19-spread [(last visited April 20, 2022)]….

Trial Court Opinion, 10/12/21, at 5-6 (footnote in original).

Upon review, we agree the Governor's April 10, 2020, order does not apply to Appellant. Indeed, Appellant concedes the order "appears to be **limited to prisoners in the state prison system** directly under the control of the Governor. [Appellant] is on parole in a **county jail**." Appellant's Brief at 19 (emphasis added); *see also Fultze*, *supra*, at *2 (explaining purpose of order "was to curb the spread of the coronavirus within the **state correctional system**...." (emphasis added)). Thus, Appellant's final issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2022