381 A.2d 140

**COMMONWEALTH of Pennsylvania**

v.

**Edward TOMCZAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

Rehearing Denied Jan. 19, 1978.

116

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On April 7, 1972 appellant was convicted of burglary, larceny, and receiving stolen goods and was sentenced by Judge Curtis C. Carson, Jr. to five years probation. This is an appeal following revocation of that probation.

On February 20, 1976, appellant was arrested and charged with robbery, theft, receiving stolen property, and simple assault. While appellant was in custody in lieu of bail on

these charges, a probation detainer by direction of Judge Carson was lodged against him. On March 16, 1976, appellant was tried on the above criminal charges in Municipal Court and found guilty of theft by unlawful taking. (The Commonwealth nol prossed the robbery charge and appellant was acquitted of the remaining charges.) Appellant's appeal *de novo* to Common Pleas Court on the theft conviction in Municipal Court also resulted in conviction; however, upon subsequent post-verdict motions, the Court granted a motion in arrest of judgment of the theft charge on the ground that the Commonwealth had proceeded under the wrong section of the Pennsylvania Crimes Code.

Subsequently, on April 6, 1976, appellant appeared at his scheduled violation of probation hearing before Judge Carson. At this time the Court was advised of the circumstances of appellant's conviction and dismissal, whereupon the Court continued the matter and ordered the Commonwealth to bring in the witnesses as to the February 20, 1976 incident for a full revocation hearing at a later date. A full revocation hearing was held on May 10, 1976 and, after the presentation of evidence, Judge Carson found appellant in violation of his probation and sentenced appellant to 18 months to five years at the State Correctional Institution at Graterford. This appeal followed.

■ Appellant does not question the sufficiency of evidence presented at his *Gagnon II* revocation hearing; instead, his sole contention is that the Commonwealth failed to give him a "preliminary" *Gagnon I* hearing as required by *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Specifically, appellant opposes the Commonwealth's use of the municipal court trial as a substitute for a *Gagnon I* hearing. Appellant argues that since post-verdict motions following the trial *de novo* ultimately vitiated the municipal court conviction, the municipal court trial cannot serve as a substitute *Gagnon I* preliminary revocation hearing. We disagree. The principal difficulty with appellant's argument is that it misperceives the purpose of a *Gagnon I* hearing. Its purpose is not necessarily to determine wheth-

er there is probable cause to believe that the probationer committed a specific crime, but whether there is probable cause to believe that the probationer's conduct constituted a violation of his probation. In the instant case there is no dispute that appellant's conduct, which was twice established by the Commonwealth beyond a reasonable doubt, was both criminal and a violation of his probation. The Commonwealth's error occurred in charging the conduct under the wrong statute—an error indisputably critical to convicting appellant of those charges but, on these facts, inconsequential in light of the purposes of a *Gagnon I* hearing.

In *Commonwealth v. Davis*, 234 Pa.Super. 31, 43, 336 A.2d 616, 623 (1975), this court referred to a hypothetical situation of a probationer who had been arrested, tried, and convicted of an offense in Municipal Court stating: *"In this situation there is no need for a Gagnon I hearing. The purpose of that hearing will have been served by the Municipal Court trial.* Even though there is an automatic right to appeal and to obtain a trial *de novo* in the Court of Common Pleas, Pa.R.Crim.P. 6006, a *Gagnon II* hearing may be held without awaiting the outcome of that trial." The only difference between the above procedure and the procedure employed in the instant case is that here appellant did have time to appeal his municipal court conviction to Common Pleas Court successfully, thus resulting in the dismissal of the criminal charges *prior* to the *Gagnon II* hearing where his probation was revoked. While in *Davis*, supra, we recommended "it may in many cases be preferable to defer that hearing [Gagnon II] until after the trial, thus avoiding the *possibly* unjust result of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing," this is not such a case. We never indicated that the municipal court trial would lose its utility as a substitute *Gagnon I* hearing, where the subsequent revocation of probation proceeded on grounds *independent* of the reasons for appellant's acquittal of the criminal charges prosecuted in municipal court. See

*Commonwealth v. Newman*, 225 Pa.Super. 327, 329, 310 A.2d 380 (1973). Because of the difference between a trial and a probation revocation proceeding, it is not a violation of constitutional rights for the revocation of probation to take place after the arrest but before the trial. *Commonwealth v. Kates*, 452 Pa. 102, 115, 305 A.2d 701 (1973). And, if the probationer is later acquitted of those criminal charges, factual support of the earlier revocation of probation is not necessarily removed, and the revocation may still stand. *United States v. Chambers*, 429 F.2d 410, 411 (3d Cir. 1970); *Commonwealth v. Davis*, 234 Pa.Super. at 42, 336 A.2d 616. This proposition remains viable in the instant case where revocation occurred *after* acquittal of the criminal charges, for it must be kept in mind that revocation hearings are not to be equated with a criminal trial. The court's purpose is not to determine whether the probationer has committed a crime, but whether the conditions of probation have been violated by conduct of a probationer indicating that probation has failed as an effective vehicle to accomplish rehabilitation. *Commonwealth v. Kates*, supra.*

■ At appellant's trial in municipal court he was found guilty of theft by unlawful taking. He appealed his conviction to the Common Pleas Court and his trial *de novo* resulted in conviction. Upon subsequent postverdict motions the court granted a motion in arrest of judgment because the Commonwealth brought the charges under the wrong section of the Pennsylvania Crimes Code. The arrest of judgment on these criminal charges did not, however, negate the validity of the municipal court trial as a substitute for a separate *Gagnon I* hearing. The municipal court trial met all the requirements of a *Gagnon I* hearing as

* Indeed, since the degree of proof for probation revocation is less than that required to sustain a criminal conviction, probation may properly be revoked on the basis of conduct and evidence less stringent than required for a criminal conviction. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *United States v. D'Amato*, 429 F.2d 1284 (3d Cir. 1970). Obviously, when the Commonwealth employs municipal court or common pleas trials as substitutes for *Gagnon I* hearings, they are putting themselves to a much greater task than is constitutionally required.

120

appellant received "notice of the alleged violations of probation [or parole], an opportunity to appear and to present evidence in his own behalf, a conditioned right to confront adverse witnesses, an independent decision maker and a written report of the hearing." *Gagnon v. Scarpelli*, 411 U.S. at 786, 93 S.Ct. at 1761. Therefore, it is clear from the record that the Commonwealth afforded appellant a preliminary *Gagnon I* hearing where probable cause that a violation of probation occurred was established.

Moreover, although appellant does not challenge the sufficiency of evidence adduced at his *Gagnon II* revocation hearing, the record amply supports termination of probation. Since placement on probation in 1972, appellant had been arrested four times on similar charges and convicted three times. All efforts by the probation department to supervise appellant's activities and prevent his alcoholic abuse proved futile. Testimony at the hearing established that appellant was drinking in direct violation of probation and stole two bottles of liquor from behind a bar and fled. Under these circumstances, "when it becomes apparent that the probationary order is not serving [its] desired end the court's discretion to impose a more appropriate sanction should not be fettered. . . ." *Commonwealth v. Kates*, 452 Pa. at 114–15, 305 A.2d at 708.

Judgment of Sentence affirmed.