480 A.2d 307

**COMMONWEALTH of Pennsylvania**

v.

**Edward L. GOCHENAUR, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed Aug. 10, 1984.

Penn B. Glazier, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

HESTER, Judge:

On November 9, 1981, appellant, Edward L. Gochenaur, Jr., pled nolo contendere to terroristic threats and to two unrelated charges of theft in the Court of Common Pleas of

Lancaster County, Pennsylvania. Appellant was sentenced to concurrent terms of imprisonment of not less than time served nor more than twenty-three months on the terroristic threats bill and one theft bill. A one-year period of probation was imposed on the remaining theft bill. With credit given for time served, appellant was released on parole at the imposition of sentence. As a condition of parole, the court instructed appellant to avoid contact with the victim, Doris Glouner.

On December 8, 1981, appellant was charged with simple assault. A prima facie case on this charge was established against him on December 22, 1981. Also, on November 10, 16 and 17, 1981, appellant telephoned Doris Glouner, a further act in violation of his parole. Due to the pending simple assault charges and the telephone calls to Ms. Glouner, a capias was issued on December 9, 1981 to commit appellant to Lancaster County Prison as parole revocation proceedings were instituted.

Following a Gagnon I hearing on March 15, 1982, appellant was detained for a parole revocation hearing on April 2, 1982. Appellant was there found to be in violation of his parole; consequently, parole was revoked and appellant was sentenced to serve the unexpired balance of each sentence imposed on November 9, 1981.

Appellant's motion to modify the sentence was denied April 21, 1982. This appeal was taken from that Order.

Appellant first contends that the Commonwealth did not prove a violation of the conditions of his parole by a preponderance of the evidence. Doris Glouner testified at the parole revocation hearing that she knew appellant for two years prior to November, 1981, and spoke to him over the telephone every week for one year prior to that time. She further testified that on November 10, 1981, her telephone rang on approximately eight occasions. Following her answer, the caller did not speak; Ms. Glouner heard breathing only. On the final call of that date, the caller uttered, "You're dead." Ms. Glouner identified the voice as appellant's. On November 16 and 17, 1981, her phone rang

incessantly. Each time Ms. Glouner answered she received no intelligible response; only the caller's breathing was audible. Appellant is of the opinion that the two words uttered by the caller on November 10, 1981 and the numerous calls when only breathing was heard are not sufficient to support Ms. Glouner's identification.

Appellant also claims that a violation of his parole was not proven by a preponderance of the evidence inasmuch as the victim of the simple assault did not testify at the revocation hearing. According to appellant, no reason was given for the victim's failure to appear. The victim's absence allegedly deprived appellant of the opportunity to examine the victim concerning a letter which she wrote to appellant's mother. Appellant contends that this letter damaged the testimony given by the victim at the preliminary hearing.

The Commonwealth's burden at a parole revocation hearing is less onerous than that which it assumes at trial. A parole violation is proven by a preponderance of the evidence. *Commonwealth v. Del Conte*, 277 Pa. Super. 296, 419 A.2d 780 (1980); *Commonwealth v. Lipton*, 238 Pa.Super. 124, 352 A.2d 521 (1975). This lighter burden of proof reflects the policy of a parole revocation hearing whereby the emphasis is whether parole is an effective tool to promote rehabilitation and deter "future antisocial conduct." *Commonwealth v. Kates*, 452 Pa. 102, 115: 305 A.2d 701, 708 (1973). In *Kates*, our Pennsylvania Supreme Court applied statutory law, constitutional law and policy considerations to conclude that the revocation of parole is proper prior to trial on those charges constituting the parole violation. Here, the arresting officer in the simple assault proceedings testified at the revocation hearing that appellant was bound for court on the simple assault charge on December 22, 1981. Appellant corroborated this. In light of *Kates*, the prima facie evidence of simple assault proved a violation by a preponderance of the evidence. The absence of the simple assault victim from the revocation hearing affected the weight of the Commonwealth's evi-

dence. It did not, however, require a reversal of the order revoking parole.

Appellant's interpretation of *Commonwealth v. Maye*, 270 Pa. Super. 406, 411 A.2d 783 (1979), is incorrect. The *Maye* court did not create for appellant the absolute right to confront the simple assault victim at the revocation hearing. Instead, it espouses his right to confront adverse witnesses excluded from the hearing, yet whose statements are introduced as hearsay evidence. Here, where a prima facie case of simple assault is incontrovertible, we do not believe that *Maye* can be extended to guarantee appellant an opportunity to cross-examine the simple assault victim.

■ Moreover, despite the few words spoken by appellant, Ms. Glouner identified appellant's voice without reservation. In light of our limited scope of review and the Commonwealth's light burden of proof in revocation proceedings, we will not question the lower court's assessment of Ms. Glouner's credibility. Violation of parole conditions, then, was found in two instances: 1) the prima facie finding of simple assault, and 2) appellant's contacting Ms. Glouner. Either justified the revocation of parole.

■ Next, appellant argues that the parole revocation hearing was not promptly held as required by Pa.R.Crim.P. 1409. Rule 1409 provides, in pertinent part, as follows:

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

This requirement of a speedy revocation hearing is a codification of our courts' pronouncements that revocation hearings must be held with "reasonable promptness" after a probation officer is chargeable with knowing that probation has been violated. *Commonwealth v. Williams*, 254 Pa.Super. 202, 385 A.2d 979 (1978); *Commonwealth v. Holmes*,

248 Pa.Super. 552, 375 A.2d 379 (1977). Whether the revocation hearing is held with "reasonable promptness" is determined by the facts and circumstances of the matter at hand. A three-part analysis is institutued: the length of the delay, the reasons for the delay and the prejudice imposed by the delay on the defendant. *Commonwealth v. Ruff*, 272 Pa.Super. 50, 414 A.2d 663 (1979): *Commonwealth v. Young*, 262 Pa.Super. 253, 396 A.2d 741 (1978); *Commonwealth v. Waters*, 252 Pa.Super. 357, 381 A.2d 957 (1977).

■ The delay, sub judice, roughly covered a four-month period from the filing of a simple assault charge on December 8, 1981, and a five-month period from the time Ms. Glouner received the phone calls. Our courts have found lengthier periods, commencing with conviction of the crime for which parole was revoked and terminating with a revocation hearing, to be reasonable. See *Commonwealth v. Williams, supra* (5½ months); *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977) (6½ months).

The Commonwealth obtained a capias one day following appellant's arrest for simple assault and one month following the first harassing phone call to Ms. Glouner. A Gagnon I hearing was held three months later while a Gagnon II hearing occurred two and one-half weeks following the Gagnon I hearing. Although the reasons for this passage of time are not of record, we do not attribute it to prosecutorial dilatoriness. First, the revocation proceedings were completed prior to trial on the simple assault charges. As discussed above, longer passages of time, commencing with conviction of the parole-revoking crime, have been held reasonable. Secondly, we are disinclined to refer to this hiatus as a delay; rather, it appears to be a normal progression of criminal proceedings.

It is appellant's contention that the third part of the tripartite test was not satisfied insofar as the "delay" weakened the testimony of his alibi witnesses. Two witnesses testified that they were with appellant from early morning on November 10, 1981, and throughout that day

and evening. They were unaware of any continual phone calls made by appellant to Ms. Glouner. Appellant's position that their testimony was undermined by the "delay" was not developed beyond the statement that "their testimony was not as secure as it would have been if the violation would have been brought sooner or would have been brought closer to the time of the alleged calls." Without more, we fail to see the prejudice which appellant believes he suffered.

■ Also, appellant seeks a reversal of the Order revoking his parole on grounds that counsel was ineffective. The following five grounds are proposed illustrations of counsel's ineffectiveness:

1) Counsel inadequately cross-examined appellant's probation officer on the timeliness of the capias.

2) Counsel failed to develop the testimony of appellant's alibi witnesses.

3) Counsel failed to ask relevant questions concerning his defense.

4) Counsel failed to insist that the simple assault victim testify.

5) Counsel did not use the letter allegedly written by the simple assault victim which would have tainted her testimony.

Following a general discussion of the legal principles upon which a claim of ineffectiveness is constructed, appellant simply enumerates the aforementioned illustrations. He does not expound upon them. Therefore, his ineffectiveness claim was merely an assertion. Mere assertions of ineffectiveness have been summarily dismissed. *Commonwealth v. Davis*, 318 Pa.Super. 507, 465 A.2d 669 (1983).

■ Finally, appellant argues that the lower court erred in failing to state its reasons for the particular sentences imposed at the parole revocation hearing. We agree. Pennsylvania Rule of Criminal Procedure 1405 requires the sentencing judge to "state on the record the reasons for sentence imposed." This requirement applies as well to

sentencing proceedings following revocation of parole. *Commonwealth v. Dorsey*, 328 Pa.Super. 241, 476 A.2d 1308 (1984); *Commonwealth v. Aldinger*, 292 Pa.Super. 149, 436 A.2d 1196 (1981). Our review of the record transcribed at the Gagnon II hearing on April 2, 1982 convinces us that the trial judge inadvertently failed to set forth his reasons for the sentence on the record. Therefore, we are constrained to remand for re-sentencing.

Order reversed and remanded for re-sentencing only. Jurisdiction relinquished.

WIEAND, J., filed a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. I would affirm the order of the trial court which revoked appellant's parole and directed that he be recommitted to serve the unexpired portion of the sentence previously imposed.

There are at least three issues which require consideration. It is because I disagree with the majority's determination of two of these issues that I write in dissent.

I

First, I find myself in disagreement with the majority's holding that the Commonwealth may prove a violation of parole by showing merely that the parolee was arrested on an assault charge which, after preliminary hearing before a magistrate, was returned to court.

In *Commonwealth v. Maye*, 270 Pa. Super. 406, 411 A.2d 783 (1979), this Court said:

A parole revocation hearing is not a formal procedure that must be conducted in strict accordance with the entire gamut of evidentiary and procedural rules necessary in a criminal trial. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973); *Commonwealth v. Rossetti*, 255 Pa.Super. 524, 388 A.2d 1090 (1978); *Commonwealth v. Tomczak*, 252 Pa.Super. 114, 381 A.2d 140 (1977); *Commonwealth v. Quinlan*, 251 Pa.Super. 428, 380 A.2d

854 (1977). Nonetheless such a hearing must comport with certain minimum due process standards enunciated by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Among these requirements is the "right [of the probationer] to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);...." *Id.* at 489, 92 S.Ct. at 2604. We have noted the necessity for this type of confrontation on several previous occasions. See *Commonwealth v. Rossetti, supra; Commonwealth v. Riley*, 253 Pa.Super. 260, 384 A.2d 1333 (1978); *Commonwealth v. Ball*, 235 Pa.Super. 581, 344 A.2d 675 (1975); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975).

*Id.*, 270 Pa.Superior Ct. at 410, 411 A.2d at 785.

In the instant case there was no evidence that appellant had been convicted or that he had in fact committed an assault. Neither appellant's arrest for assault nor the testimony of the arresting officer and appellant's parole officer that a prima facie case had been found by the magistrate was adequate, without more, to warrant a revocation of appellant's parole. If arrest alone were an adequate basis for revoking parole, a parolee's continuation in that status would be wholly dependent on the discretion of the police. This is not the law. Evidence of an arrest on a new charge, without more, cannot be an adequate basis on which a court may revoke parole and recommit the parolee.

A magisterial determination that a prima facie case exists may be used in lieu of a Gagnon I hearing to show probable cause. See: *Commonwealth v. Griggs*, 314 Pa.Super. 407, 409 n.1, 461 A.2d 221, 222 n.1 (1983); *Commonwealth v. Del Conte*, 277 Pa.Super. 296, 298 n.2, 419 A.2d 780, 781 n.2 (1980). Standing alone, however, a magisterial finding of prima facie evidence will not support a revocation of parole during or following a Gagnon II hearing. Until there has been a conviction, an arrest is at best a technical violation. *Commonwealth v. Greenlee*, 263 Pa.Super. 477, 484 n.6,

398 A.2d 676, 679 n.6 (1979). See: *Commonwealth v. Michenfelder,* 268 Pa.Super. 424, 426 n.1, 408 A.2d 860, 861 n.1 (1979). Mere evidence of arrest, without substantive evidence that the parolee committed an offense, did not in this case support an order revoking appellant's parole and directing his recommitment to serve the unexpired portion of his sentence.

## II

The revocation of parole, however, was supported by other evidence. A prisoner released on parole prior to the expiration of his maximum sentence gains freedom only conditionally. Parole may be revoked upon a showing, by a preponderance of the evidence, that parole no longer serves as an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct by the parolee.

*Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (probation revocation). It is a course of conduct by the parolee which reveals that parole is no longer an appropriate alternative.

Appellant in this case was found to have violated a special condition of parole imposed by the court, i.e., that he refrain from contacting Doris Glouner, the victim of the offense of terroristic threats to which appellant had pleaded nolo contendere. At the parole revocation hearing, the Commonwealth introduced evidence sufficient to prove, by a preponderance of the evidence, that appellant had violated this condition of parole by telephoning and harassing Ms. Glouner. Therefore, without regard to whether an assault had been committed by appellant during his parole, the evidence was sufficient to show a violation of the conditions of parole. Where there is a valid, independent basis for the revocation of parole, irregularities with respect to alternative reasons are of no moment. See: *Donell v. Penna. Board of Probation and Parole,* 70 Pa.Cmwlth.Ct. 265, 270, 453 A.2d 36, 39 (1982).

## III

When appellant's sentence was initially imposed, he was sentenced to prison for not less than time served nor more than twenty-three months. Appellant did not thereafter file a motion to modify his sentence. Similarly, he did not appeal. He demonstrated that he was satisfied with the sentence which the court had imposed; and, therefore, he did not complain that the court had failed to place on the record adequate reasons for the sentence imposed. Any inadequacies in the court's reasons for the sentence, therefore, were waived. *Commonwealth v. Stetler*, 494 Pa. 551, 565, 431 A.2d 992, 999 (1981).

After parole had been revoked, the court did not impose a new sentence. It merely recommitted appellant to serve that portion of the original sentence which appellant had not then served. Because this was not a new sentence, there was no requirement and no reason that I can discern for requiring a new statement of reasons for the sentence.[1] Moreover, because the issue of the adequacy of the reasons for the initial sentence was waived, appellant should not now be entitled to a remand for resentencing.

I would affirm the order of the trial court which revoked appellant's parole and recommitted him to serve the unexpired portion of his sentence.

1. I note, but express disagreement with the decision of a panel of this Court which concluded otherwise in *Commonwealth v. Dorsey*, 328 Pa.Super. 241, 476 A.2d 1308 (1984). I am unable to comprehend any valid reason for, and certainly no rule requires, a redundant statement of reasons for a sentence in an order revoking parole. Moreover, I am unable to comprehend any good reason for imposing upon a court a burden which does not have application to revocation of parole in more serious cases by the Pennsylvania Board of Probation and Parole. The statement of reasons for the sentence must be placed on the record by the court when sentence is imposed, not when parole is revoked. See: Pa.R.Crim.P. 1405. Parole revocation is not a new sentence; it depends upon a finding by the court that a violation of parole has occurred of sufficient import to show that parole has not been effective and has failed to achieve its intended purpose. The consequence of a parole violation is service of the sentence initially imposed.