J-S09035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW W. LONG | : | |
| | : | |
| Appellant | : | No. 729 MDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001601-2011

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 15, 2018**

Appellant, Andrew W. Long, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following the revocation of parole and probation.  We affirm.

In its opinion, the trial court correctly and accurately sets forth the relevant facts and procedural history of this case  Therefore, we have no need to restate them.  We add that, on March 31, 2017, the court initially resentenced Appellant.  The Commonwealth filed a motion for reconsideration of sentence on April 4, 2017.  Following a hearing on April 18, 2017, the court granted the Commonwealth's motion, vacated the March 31, 2017 judgment of sentence, and resentenced Appellant to serve out the remaining time on his 2016 prison sentence plus a consecutive term of two (2) to four (4) years' incarceration.  The court did not alter the length of the

_____
* Retired Senior Judge assigned to the Superior Court.

initial revocation sentence, but the court committed Appellant to serve his entire sentence in state prison. On April 28, 2017, Appellant filed a timely notice of appeal and voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises two issues for our review:

> WAS IT A VIOLATION OF APPELLANT'S SIXTH AMENDMENT CONSTITUTIONAL RIGHTS FOR THE PROBATION DEPARTMENT TO COMPEL APPELLANT TO SIGN A WAIVER OF HIS RIGHTS TO CONFRONTATION AND CROSS-EXAMINATION…IN ORDER TO OBTAIN TRANSFER OF HIS PROBATION SUPERVISION FROM PENNSYLVANIA TO HIS HOME STATE OF IOWA?
>
> DID THE COMMONWEALTH FAIL TO ADDUCE EVIDENCE OF A PROBATION VIOLATION WHERE THE COURT IMPROPERLY CONSIDERED HEARSAY AND TELEPHONE TESTIMONY FROM WITNESSES IN IOWA DESPITE APPELLANT'S OBJECTION IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO CONFRONTATION AND CROSS-EXAMINATION?

(Appellant's Brief at 6).

As a preliminary matter, "issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, issues not raised in a Rule 1925(b) concise statement of errors will likewise be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011). The Rule 1925(b) statement must be

- 2 -

"specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." **Id.** If a concise statement is too vague, the court may find waiver and disregard any argument. **Id.**

Instantly, Appellant failed to raise during the revocation proceedings and in his Rule 1925(b) statement any issue regarding the validity of Appellant's waiver of his Sixth Amendment right to confrontation as a condition of his out-of-state parole and probation supervision. Accordingly, Appellant's first issue is waived for purposes of appellate review. **See** Pa.R.A.P. 302(a); **Castillo, supra**.

Moreover, when reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Katherine V. Oliver, we conclude Appellant's issues merit no relief, even if properly preserved. The trial court opinion comprehensively discusses and properly

disposes of the questions presented. (*See* Trial Court Opinion, filed July 27, 2017, at 7-12) (finding: **(1)** Appellant expressly waived his right to object to admission of hearsay evidence to establish parole or probation violation in exchange for Commonwealth's transfer of his supervision to Iowa; Appellant signed waiver expressly agreeing that if he was ever charged with violation of his supervision arising from his conduct while outside of Pennsylvania, then his revocation could be based solely on documentary evidence; through waiver, Appellant specifically waived his right to confront and cross-examine any person who prepared documentary evidence of his alleged violations, or who supplied information used in preparation of documents; executed written waiver is not vague; language of waiver is sufficiently specific to inform Appellant of rights he waived when he signed waiver; additionally, Appellant did not raise during revocation proceedings challenge to his knowing and voluntary waiver of his rights *via* waiver document; **(2)** in light of Appellant's written hearsay waiver, rule prohibiting hearsay did not apply at revocation hearings; moreover, even if Appellant's hearsay waiver is invalid, or waiver did not preclude objections based on hearsay, Commonwealth presented ample non-hearsay evidence to establish Appellant had violated terms of supervision; Officer Castle testified Appellant admitted he had been consuming alcohol since approximately two weeks after returning to Iowa; Appellant did not object to this portion of Officer Castle's testimony on basis of hearsay, and Officer Castle's testimony was

allowed as admission of party opponent; Officer Merk testified that when she checked Appellant's GPS unit, he was outside his county of residence on golf course without prior permission; Appellant did not raise hearsay objection to this portion of Officer Merk's testimony; Officer Jones testified he personally directed Appellant to submit for urinalysis, and Appellant failed to appear for testing; Appellant did not object to this segment of Officer Jones' testimony; finally, Officer Russell testified he observed collapsible baton and large folding pocket knife in Appellant's vehicle; like Officer Jones' testimony, Officer Russell's testimony about his observation did not constitute hearsay, and Appellant did not raise hearsay objection to Officer Russell's testimony about presence of weapons; defense counsel asserted hearsay objections at revocation hearings, with very limited exception; counsel did not lodge specific objections to substance of any particular testimony; rather, Appellant objected to all telephonic testimony, generally, on basis of hearsay; in light of Appellant's written waiver of confrontation rights, telephonic testimony from Commonwealth witnesses was permissible; additionally, Appellant did not challenge telephonic testimony on basis of inability to confirm identity of witness or on basis of witness referring to document that counsel could not see; further, except for few questions asked of Officers Castle and Russell, Appellant declined to challenge testimony of witnesses through cross-examination, further, Appellant failed to identify in his Rule 1925(b) statement specific hearsay rulings or

testimony). The record supports the trial court's rationale, and we see no reason to disturb it. **_See Cartrette, supra_**. Accordingly, even if Appellant had properly preserved his issues on appeal, we would affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/18

## IN THE COURT OF COMMON PLEAS, CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL ACTION-LAW

COMMONWEALTH OF PENNSYLVANIA    :   NO-CP-14-CR-1601-2011

      v.                           :

ANDREW LONG                     :

*Attorney for the Commonwealth:*      *Nicole Smith, Esq.*
*Attorney for Defendant:*              *Brian Manchester, Esq.*

Oliver, J.

### 1925(a) Opinion

Defendant filed a Notice of Appeal on April 28, 2017 from the Court's April 18, 2017

Orders finding that Defendant violated conditions of his parole and probation based on conduct

occurring in the State of Iowa in July and August of 2016. On the same day, Defendant filed his

1925(b) statement of matters complained of on appeal raising the following two issues:

> (1) The testimony of all witnesses who testified by phone was a violation of Defendant's right to confrontation.
> (2) Absent the inadmissible hearsay evidence there was insufficient evidence to find Defendant guilty of violating his parole and probation.

(Def's Statemt. of Matters Compl. of on Appeal, Apr. 28, 2017).

DEBRA C. IMMEL
PROTHONOTARY
CENTRE COUNTY, PA
2017 JUL 27 PM 12: 16
FILED FOR RECORD

### *Background*

Defendant was charged with one Count of Criminal Attempt- Rape, two counts of

Aggravated Indecent Assault, and two counts of Indecent Assault in connection with an incident

that occurred on August 12, 2011 in State College, Pennsylvania. According to the

Commonwealth's averments, on the day of the incident, the victim, a fifty-five year-old woman,

was helping her son clean up a home where he would reside as a Pennsylvania State University

("Penn State") student. One of her son's friends brought Defendant Andrew Long to the home

that day. Later that evening, the victim was sleeping in the home and was awakened to the

 O ☐ RD ☐ S



Defendant touching her vaginal area with his hand. The victim noticed that her underwear had been removed. She recognized Defendant as the same person she had met earlier that day.

On June 4, 2012, Defendant entered a guilty plea to count two, Aggravated Indecent Assault. On August 30, 2012, he was sentenced to undergo imprisonment in the Centre County Correctional Facility for a period of not less than one year, less one day, nor more than two years, less one day. The period of incarceration was followed by a sentence of probation under the supervision of the Centre County Probation and Parole Department for a period of five years. The remaining counts were *nol prossed.* (*See* Aug. 30, 2012 Order, Lunsford, J., filed Sep't 11, 2012).

Defendant was approved for parole effective September 10, 2013 and was placed on supervision for the remainder of the imposed sentence under conditions including, but not limited to, refraining from using alcoholic beverages and non-proscribed drugs, attending outpatient counseling, and completing sex offender's treatment. Defendant's supervision was transferred from Centre County, Pennsylvania to Union County, Iowa through the Interstate Commission for Adult Offender Supervision ("Interstate Compact") at Defendant's request so that he could participate in the Teen Challenge program. (Tr. Jan. 5, 2017 Hr'g, at 43-46).

On April 22, 2016, Defendant's probation was revoked for having violated conditions of his probation. He was sentenced to undergo imprisonment in the Centre County Correctional Facility for a period of not less than four and one-half months nor more than twenty-three and one-half months, followed by two years of consecutive probation. He was given credit for fifty-one days previously served. (*See* Apr. 23, 2016 Order, Oliver, J.).

Defendant was again approved for parole effective July 2, 2016 to be supervised in Iowa. On July 1, 2016, as a condition of his parole and supervision, Defendant signed a supplemental

2

conditions of supervision document, in which Defendant waived certain rights in exchange for the privilege of community-based supervision. (*See* Tr. Jan. 5, 2017 Hr'g, at 10-11, and Def's Exh. 1). One of those waivers, applicable in the case of alleged violations occurring outside of the Commonwealth, provided:

> In consideration of being granted the privilege of community based supervision by the Centre County Court, I Andrew Long hereby agree:
>
> a. If I am ever charged with a violation of my supervision arising out of my conduct while in the jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my supervision for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied information used in this preparation.
> . . .

(*Id.*).

## 2017 Revocation Hearings

Defendant was again charged with violating parole on August 8, 2016. The violations charged were based on conduct that allegedly occurred in the state of Iowa, where Defendant was being supervised pursuant to his case transfer in accordance with the Interstate Compact. (Tr. Jan. 5, 2017 Hr'g, at 46-49). Defendant was transported back to the Commonwealth of Pennsylvania for a parole violation hearing. Revocation hearings were held on January 5, 2017 and March 31, 2017.

At the revocation hearings, the Commonwealth presented testimony from Karla McCool, a probation officer in Centre County, who testified in person. (*See id.* at 41-49). The Commonwealth also presented testimony from Defendant's Iowa parole officer, Ty Castle, (*id.* at 16-41), and from Officer Castle's co-workers, Dina Merk and Scott Jones. (Tr. March 31, 2017

3

Hr'g, at 6-22). Officers Merk and Jones had covered for Officer Castle in August of 2016 when Defendant's most recent violations occurred. In addition, the Commonwealth presented testimony from Curtis Russell, a police officer with the city of West Des Moines, Iowa Police Department. (*Id.* at 25-33). Over Defendant's objection, testimony from these out-of-state witnesses, all of whom were located in Iowa, was taken via telephone due to the significant travel that in-person testimony would have required.

Officer Karla McCool testified in person at the January 5, 2017 revocation hearing. Officer McCool testified that she first met Defendant when she facilitated his parole after he served a sentence in the Centre County Correctional Facility. (Tr. Jan. 5, 2017 Hr'g, at 43). Defendant was from Iowa, and he wished to return to Iowa to participate in the Teen Challenge program, an Iowa based program. (*Id.* at 44). Defendant's transfer request was approved and Ms. McCool met with Defendant to explain that he would be assigned to a new parole officer in Iowa and to provide him with a copy of his reporting instructions for Iowa. (*Id.* at 45-46). In addition, Officer McCool met with Defendant for him to sign conditions of parole in connection with his transfer to Iowa. (*Id.* at 43-44).

Officer Ty Castle testified via telephone on January 5, 2017. Officer Castle supervised Defendant after he was transferred from supervision in Centre County, Pennsylvania to Union County, Iowa on July 7, 2016. (*Id.* at 17-18). Defendant signed off on the conditions that would apply from Pennsylvania. (*Id.* at 19). Additional conditions applicable to Defendant were from the Interstate Compact and some were conditions from Union County, Iowa. (*Id.* at 19-20; *see also* Tr. March 31, 2017 Hr'g, Commw. Exh. 5). Among the conditions of Defendant's parole were that Defendant: (1) not leave his county of residence (Union County, Iowa) without permission; (2) refrain from use of alcohol or non-prescribed drugs; (3) not possess dangerous

4

weapons; and (4) comply with all testing for substances, including urinalysis and breath testing. (*Id.* at 20). Defendant acknowledged all conditions of parole and probation by his signature on a document listing the conditions at a meeting with Officer Castle. (*Id.* at 20-21). Officer Castle met with Defendant by unannounced visits at his parents' house once or twice monthly. (*Id.*).

The violations at issue occurred over Officer Castle's vacation in August of 2016, during which time Officer Castle's co-workers, Dina Merk and Scott Jones, were responsible for supervising Defendant. (*Id.* at 32-33). Officer Castle met with Defendant on August 24, 2016, after returning from vacation. (*Id.* at 34). At this meeting, Defendant admitted to Officer Castle that he had been consuming alcohol since two weeks after returning to Union County, Iowa in July of 2016. Defendant's alcohol consumption was a violation of his parole conditions. (*Id.* at 20, 34-35).

Officer Castle's supervisor, Scott Jones, Supervisor of Probation/ Parole in the sex offender unit, testified via telephone on March 31, 2017. Officer Jones was familiar with Defendant because he assigned Defendant's case to Officer Castle, and the supervision fell to him and Officer Dina Merk while Officer Castle was on vacation. (Tr. March 31, 2017 Hr'g, at 15-16). During Officer Castle's vacation, Officer Scott received calls from the Union County Sheriff's office and the West Des Moines Police Department in Polk County regarding Defendant drinking and acting strange. (*Id.* at 16-17). As a result of the calls he received from the police departments, Officer Scott ordered Defendant to submit for urinalysis on August 9, 2016 at 4:00 p.m. (*Id.* at 17). Defendant failed to appear for the urinalysis, and Officer Scott directed Officer Merk to check Defendant's GPS unit. (*Id.*). Failing to appear for the urinalysis testing constituted a violation of the condition that Defendant report for urinalysis when required. (*Id.* at 18). During the time Defendant was supposed to be reporting for urinalysis, the GPS

5

showed that Defendant was at the Toad Valley golf course in Pleasant Hill, Iowa, which was out of his county of residence. (*Id.* at 17-20). Defendant did not have permission to go golfing out of county. (*Id.* at 19). Defendant's presence at the golf course in Polk County, Iowa constituted a violation of the condition of supervision that he not leave his county of residence without prior permission. (*Id.* at 18).

Officer Dina Merk, a Probation/Parole Officer in the sex offender unit, testified via telephone at the hearing on March 31, 2017. Officer Merk testified that, after Defendant failed to appear for a urine test, she checked his GPS points and found him located on a golf course in Polk County, Iowa in violation of the condition that Defendant was not to leave his county of residence without prior approval. (*Id.* at 8-10). Defendant had not sought or received permission to leave his county of residence to go to a golf course in Polk County or to patronize out-of-county taverns. (*Id.* at 10-11). Officer Merk transmitted the violation reports to the Pennsylvania officers through the Interstate Compact system. (*Id.* at 12).

Curtis Russell, a police officer employed by the City of West Des Moines Police Department, testified by telephone on March 31, 2017. On August 9, 2016, Officer Russel was called for a welfare check by employees at NYC Pizza Café regarding a man who had walked in and out of the establishment numerous times acting strangely and referring to himself as "Five Back," subsequently identified as Defendant Long. (*Id.* at 26-29). The individual's vehicle was still in the parking lot on Officer Russell's arrival; Officer Russell ran the identifying information for the vehicle and it came back as owned by Defendant or his mother. (*Id.* at 28). Officer Russell observed a hammer, a collapsible baton, and a large folding pocket knife near the driver's seat of the car. (*Id.* at 28, 30-31).

6

*Discussion*

The Commonwealth bears the burden to prove a parole violation by a preponderance of the evidence. *Commonwealth v. Gochenaur*, 480 A.2d 307, 309 (Pa. Super. 1984). The preponderance standard reflects the policy that, in a revocation hearing, the court is concerned with whether parole "is an effective tool to promote rehabilitation and 'deter future antisocial conduct.'" *Id.* (citing *Commonwealth v. Kates*, 305 A.2d 701, 708 (Pa. 1973)). A parole revocation hearing is not a formal procedure that must comport with the "entire gamut of evidentiary and procedural rules necessary in a criminal trial." *Commonwealth v. Maye*, 411 A.2d 783, 785 (Pa. Super. 1979). A revocation hearing must "comport with certain minimum due process standards" which include the "right to confront and cross-examine adverse witnesses." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

## I.    Hearsay

The Court will first address Defendant's contention that, absent inadmissible hearsay, there was insufficient evidence to establish Defendant's violation of parole conditions. As an initial point, although defense counsel asserted hearsay objections at the revocation hearings, with very limited exception, counsel did not lodge specific objections to the substance of any particular testimony. Rather, Defendant objected to all of the telephone testimony in general on the basis of hearsay, arguing that permitting the witnesses to testify by telephone violated Defendant's rights under the Confrontation Clause. (Tr. Jan. 5, 2017 Hr'g, at 10-12). Likewise, Defendant has not identified any specific hearsay rulings, or testimony for that matter, in his 1925(b) statement.

7

It is well-settled that the hearsay rules apply in parole and probation revocation proceedings. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009). Hearsay is an out of court statement, other than one made by the declarant while testifying at trial or hearing, offered to prove the truth of the matter asserted. Pa.R.E. 801; *Commonwealth v. Gray*, 867 A.2d 560, 570 (Pa. Super. 2005). Pursuant to Pa.R.E. 802, hearsay is inadmissible unless an exception exists under the Pennsylvania Rules of Evidence, other duly adopted rules of the Pennsylvania Supreme Court, or by statute. *See* Pa. R.E. 802. Pennsylvania Rule of Evidence 803 provides numerous exceptions to the rule against hearsay that apply regardless of whether the declarant is available as a witness. Pa. R.E. 803.

Objections to inadmissible hearsay may be waived, and when no objection is made, the evidence "may be considered as fully and with the same probative value as direct evidence." *Commonwealth v. Boden*, 159 A.2d 894, 899 (Pa. 1960), *cert. denied*, 364 U.S. 846 (1960). Courts have generally determined that parties may agree to waive evidentiary rules, and such agreements will be enforced despite subsequent objections. *U.S. v. Mezzanatto*, 513 U.S. 196, 202 (1995). In this vein, agreements to waive objections to hearsay have been found to be enforceable. *Id.* (*citing Sac and Fox Indians of Miss. in Iowa v. Sac and Fox Indians of Miss. in Okl.*, 220 U.S. 481, 488-89 (1911)).

In the instant case, Defendant expressly waived his right to object to the admission of hearsay evidence to establish any future parole or probation violation in exchange for the Commonwealth's agreement to transfer his supervision to Iowa as Defendant requested.. (*See* Tr. Jan. 5, 2017 Hr'g, at 10-11, and Def's Exh. 1). Defendant signed the waiver expressly agreeing that if he was ever charged with a violation of his supervision arising from his conduct while outside of Pennsylvania, his revocation could be based solely on documentary evidence. In

doing so, Defendant expressly and specifically waived his right to confront or cross-examine any person who prepared documentary evidence of his alleged violations, or who supplied the information used in its preparation. *See id.* In light of these circumstances, the Court concluded that the rule prohibiting hearsay did not apply.

Assuming, *arguendo*, that Defendant's waiver is somehow invalid (an argument not asserted by Defendant at the hearing), or that the waiver would not preclude objections based on hearsay, the Court concluded that ample evidence that did not run afoul of the hearsay rule was presented establishing Defendant's parole violations. Officer Castle testified that Defendant admitted to him that he had been consuming alcohol since approximately two weeks after returning to Iowa, which was in violation of the condition that he abstain from the use of alcohol. (Tr. Jan. 5, 2017 Hr'g, at 34-35). Defendant did not object to this testimony on the basis of hearsay, (*see id.*), and the testimony is admissible under Pa.R.E. 803 (25) as an admission by a party opponent. *See* Pa.R.E. 803(25). In addition, Officer Dina Merk testified that she checked Defendant's GPS unit and Defendant was out of his county of residence (Union County, Iowa) on a golf course in Polk County, Iowa without permission. This out-of-county travel violated the parole condition restricting Defendant to his county of residence unless granted prior permission to travel. (Tr. Mar. 31, 2017 Hr'g, at 8, 10). Defendant did not raise any hearsay objection to this testimony. (*See id.*). Officer Scott Jones testified that he personally directed Defendant to submit for urinalysis testing, and Defendant failed to appear for testing in violation of the condition that he submit for urinalysis upon request of the supervising officer. (*Id.* at 17-18). Again, Defendant did not object on the basis of hearsay, and his testimony regarding Defendant's failure to appear was a personal observation that does not implicate the hearsay rule. Finally, Officer Russell testified that he observed a collapsible baton and large folding pocket knife in

9

Defendant's vehicle, which was in violation of the condition that Defendant not possesses dangerous weapons. (*Id.* at 28, 30, 31). Like Officer Jones' observation of Defendant's failure to appear, Officer Russell's testimony about his observation did not implicate the hearsay rule. Furthermore, Defendant did not raise a hearsay objection to Officer Russell's testimony about the presence of weapons. (*See id.*).

In sum, the Court concluded that Defendant waived any hearsay objection for the purpose of a revocation hearing when, in exchange for his requested transfer of supervision to Iowa, he signed the waiver agreeing that a revocation of his parole for a violation occurring outside of Pennsylvania could be based solely on documentary evidence and waiving his right to confront or cross-examine any person who prepared such evidence or supplied underlying information. Moreover, even assuming Defendant's waiver to be invalid or otherwise not applicable, the Commonwealth presented sufficient non-hearsay evidence that demonstrated, by a preponderance of the evidence, that Defendant violated the terms of his parole and probation.

## II. Confrontation

Defendant also contends that permitting testimony of witnesses by telephone violated his right to confrontation. The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Commonwealth v. Yohe*, 79 A.3d 520, 530-31 (Pa. 2013), *cert. denied*, 134 S. Ct. 2662 (U.S. 2014) (*quoting Pointer v. Texas*, 380 U.S. 400 (1965)). The Confrontation Clause was made applicable to the states through the Fourteenth Amendment. *Id.* at 530. The Confrontation Clause "prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination." *Id.* at 531 (*citing Crawford v. Washington*, 541 U.S. 36, 53-56 (2004)). Confrontation rights under the

10

Pennsylvania constitution are coextensive with those under the federal constitution. *Commonwealth v. King*, 959 A.2d 405, 416 (Pa. Super. 2008), *appeal denied*, 78 A.3d 1090 (Pa. 2013). The right of confrontation provides a defendant the opportunity for cross-examination of the witness and for the factfinder to consider the witness's demeanor and credibility. *Barber v. Page*, 390 U.S. 719 (1968).

A defendant's right of confrontation is not absolute and may be waived. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 n.3 (2009); *Commonwealth v. Petrillo*, 16 A.2d 50, 57 (Pa. 1940) ("Even in trials by jury there are certain constitutional rights which an accused can waive; among these are 'the right to meet the witnesses face to face . . .'").

In permitting telephone testimony in the case at bar, the Court concluded that, under the circumstances presented, the Commonwealth was not required to present trial testimony from its witnesses, and could have introduced the Interstate Compact documents and Offender Violation Report, (*see* Tr. Jan. 5 and March 31, 2017 Hr'gs, Commw. Exh's 1-3, 5), along with any other pertinent documents, as evidence of Defendant's violations. The Court concluded that Defendant waived his right of confrontation when, in exchange for the privilege of community based supervision, he signed the supplemental conditions of supervision agreeing that a revocation of supervision for violations outside of the Commonwealth could be based upon documentary evidence, alone, and that he waived any right "to confront or cross-examine any person who prepared such documentary evidence or who supplied information used in its preparation." (*See* Tr. Jan. 5, 2017 Hr'g, Def's Exh. 1). The Court disagrees with defense counsel's characterization of the waiver in the supplemental conditions document as vague. (*See id.* at 10-11). The Court determines that the language of the waiver is sufficiently specific to inform Defendant that if he was charged with a violation of parole for his conduct out of state,

11

that the violation could be established by documentary evidence, alone, and that he waived the right to confront or cross examine anyone who prepared the documents and anyone who provided information therein. (*See id.*, Def. Exh. 1).

The Court also disagrees with Defendant's argument that his waiver of the right to confront and cross examine does not apply because the Commonwealth chose to present testimony from the witnesses who authored the reports and supplied underlying information as to the information contained in those reports. In light of the express waiver of confrontation rights executed by Defendant, the Court concludes that telephone testimony from these witnesses was permissible. Notably, Defendant did not raise any issue with respect to whether Defendant knowingly and voluntarily waived his rights in executing the waiver, and Defendant did not challenge the telephonic testimony on the basis of an inability to confirm the identity of a witness, or on the basis of a witness referring to a document that counsel could not see. Furthermore, except for a few, limited, questions asked of Officers Castle and Russell, (Tr. Jan. 5, 2017 Hr'g, at 40-41; Tr. March 31, 2017 Hr'g, at 32-33), Defendant declined to challenge the testimony of the witnesses through cross examination. Thus, although telephone testimony in a criminal proceeding may, in other circumstances, infringe on a defendant's confrontation rights, the Court concluded that telephone testimony in the present case did not violate Defendant's right to confrontation and, thus, permitted the telephonic testimony over Defendant's objection.

By the Court,

Date: July 25, 2017

Katherine V. Oliver, Judge

12